UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DAWN M. WARREN,<br>(Social Security No. XXX-XX-2989),<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　3:09-cv-17-WGH-RLY<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFF'S EAJA MOTION
FOR AWARD OF ATTORNEY'S FEES**

On October 22, 2009, Plaintiff filed an EAJA Motion for Award of Attorney's Fees. (R. 29-30). Defendant filed its response on October 30, 2009 (R. 31), and Plaintiff filed a Reply on November 4, 2009 (R. 32). The Magistrate Judge, having considered the motion, all filed documents and relevant law, and being duly advised, hereby **DENIES** the motion.

Under 28 U.S.C. § 2412, reasonable fees may be awarded to a plaintiff's counsel where: (1) plaintiff is a prevailing party; (2) the government is not "substantially justified" in its position; (3) no "special circumstances" make an award unjust; and (4) the fee application is timely and supported by an itemized statement. In this case, the only issue is whether the government was "substantially justified" in its position.

A position is "substantially justified" if it has a reasonable basis in law and fact. *Conrad v. Barnhart,* 434 F.3d 987, 989 (7th Cir. 2006). Here, the

Magistrate Judge determined that remand was necessary because the ALJ failed to properly analyze the objective medical evidence surrounding Plaintiff's mental impairment.  Furthermore, on remand, the Magistrate Judge instructed the ALJ to re-examine the cumulative effects of  Plaintiff's medications pursuant to 20 C.F.R. § 404.1529(c)(3).

While the ALJ's decision was in error, the court agrees with Defendant that, in this case, the Commissioner's decision was substantially justified. First, as for the ALJ's failure to thoroughly discuss the side effects of Plaintiff's medications, the Magistrate Judge notes that 20 C.F.R. § 404.1529(c)(3) requires the consideration of seven factors; the side effects of medication is merely one of the factors to be considered.  Hence, the ALJ's failure to discuss all of the factors listed in § 404.1529(c)(3) was a case of the ALJ having been "not as thorough in his analysis as he could have been," and the oversight does not require the awarding of attorney's fees.  *Cunningham v. Barnhart,* 440 F.3d 862, 865 (7th Cir. 2006).

As for the ALJ's failure to adequately address all of the evidence concerning Plaintiff's mental impairment, the Magistrate Judge notes that there was *some* evidence in the record to support the ALJ's determination. Specifically, the ALJ relied on state agency reviewer Dr. J. Gange, who completed a mental RFC form.  (R. 312-14).  The ALJ's failure to address favorable objective medical evidence warranted remand, but the fact that there was some evidence

-3-

to support the ALJ's decision leads the Magistrate Judge to conclude that the Commissioner's decision was substantially justified.

Under these circumstances, an award of attorney's fees under the EAJA is not warranted.

**SO ORDERED** the 13th day of November, 2009.

                                                   William G. Hussmann, Jr.
                                                   United States Magistrate Judge
**Electronic copies to:**                  Southern District of Indiana

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

John Ryan Worman
WOODS & WOODS, LLP
jworman@woodslawyers.com